# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE, et al.,<br><br>    Defendants. | Case No. EDCV 20-0156-SVW (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On December 3, 2019, Jesus Torres ("Plaintiff"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the United States District Court for the Eastern District of California. On January 21, 2020, the case was transferred to this Court.

On February 26, 2020, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend ("First Dismissal Order"), in which the Court identified various deficiencies and ordered Plaintiff to file a First Amended Complaint ("FAC").

On March 16, 2020, Plaintiff filed a FAC.

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a

defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE FAC

In the caption of the FAC, Plaintiff names as Defendants the Riverside County Superior Court ("RCSC") and Mr. Sullivan, Warden of the California Correctional Institution at Tehachapi ("CCI"). (FAC at 1.)[1] In the body of the FAC, Plaintiff also names as Defendants: Mr. Miranda, an investigator for the Riverside County Sheriff's Department; Mr. Gary Polk, an assistant district attorney for the County of Riverside; Mr. Mac Fisher, a RCSC judge; and Mrs. Baker, a case records analyst at CCI. All of these Defendants are named in their individual capacities.

It appears that Plaintiff's claims fall into three categories: claims challenging the conditions of his confinement at CCI (see FAC at 4-6), a claim based on the lack of a recommendation that he be released on parole (see FAC at 4), and claims attacking the validity of his 2015 conviction and sentence in Riverside County Superior Court (see FAC at 3-5, 7).

Although Plaintiff's statements are difficult to decipher, he appears to make the following claims:

---

[1] The Court refers to the pages of the FAC as numbered by the CM/ECF system.

Defendant Miranda, who is an investigator for the Riverside County Sheriff's Department, falsified the allegations of rape and kidnapping against Plaintiff without DNA or other evidence to support the charges. (FAC at 3, 5.)

Defendant Polk, an assistant district attorney for Riverside County who prosecuted Plaintiff, charged him with serious and violent crimes when there was insufficient evidence to convict him due to a lack of DNA or other evidence. (Id.)

Defendant Fisher, the RCSC judge who presided over Plaintiff's criminal case, knew there was prosecutorial misconduct and insufficient evidence but allowed the jury to convict Plaintiff. (Id.)

Defendant Baker is a case records analyst at CCI. She knows that Plaintiff's sentence "doesn't make sense," and she should have recommended Plaintiff "to the Parole Board for early parole release or elderly consideration Prop 57 but denied." (Id. at 4.)

Defendant Sullivan is the Warden of CCI and "is responsible to all prisoners & staff." Sullivan should have ensured that Plaintiff had access to his vest and cane while doing his prison job. In addition, there are numerous dangerous conditions at CCI, which is old and in disrepair, including dirty floors and bathrooms, asbestos, and toxic mold. A doctor at CCI dispenses medications without knowing the side effects and nurses are not well trained. Staff members disrespect inmates who are sex offenders by messing up their lockers and opening their legal mail. (Id.)

Plaintiff is seeking monetary damages. (Id. at 6.)

## DISCUSSION

### I. PLAINTIFF'S CONDITIONS OF CONFINEMENT CLAIMS SHOULD BE DISMISSED

In his claims against Warden Sullivan, Plaintiff makes a variety of complaints regarding the conditions of his confinement at CCI.

#### A. Failure to Comply With Fed. R. Civ. P. 10

Fed. R. Civ. P. 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing

4

so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

     In a single paragraph, Plaintiff has alleged multiple constitutional violations relating to the conditions of his confinement, including threats to his health from toxic mold and asbestos, improper training and care by prison medical personnel, filthy and dangerous floors and bathrooms, and improper handling of his mail. (FAC at 4.) Plaintiff has not separately set forth the various legal issues as separate claims or explained the factual basis for each claim, so as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations.

     Accordingly, as the Court has already advised, Plaintiff's conditions of confinement claims are subject to dismissal pursuant to Rule 10. If Plaintiff wishes to filed an amended complaint, he must set forth each legal issue as a separately and distinctly numbered claim. Any claim that is not clearly numbered or separated from all other claims and accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief.

///

///

### B. Failure to State an Eighth Amendment Claim

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." Johnson, 217 F.3d at 731.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834 (citation omitted). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835.

Here, Plaintiff has failed to state an Eighth Amendment claim. His allegations are vague and conclusory. He does not provide facts demonstrating that each, specific deprivation about which he complains is sufficiently serious. He has failed to explain how often and in what circumstances he has been exposed to the allegedly unconstitutional conditions or how he has been personally harmed as a result.

Plaintiff also has failed to allege facts demonstrating that Sullivan knew of and disregarded a substantial risk of harm to Plaintiff.  Plaintiff's allegations against Sullivan appear to be based on his supervisory position as the Warden of CCI.  A supervisory official may be personally liable under Section 1983 only if he was personally involved in the constitutional violation or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); see also Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  Here, Plaintiff has failed to allege facts demonstrating personal involvement by or a sufficient causal connection to Sullivan.

Accordingly, Plaintiff has failed to state a cognizable Eighth Amendment claim based on the conditions of his confinement at CCI.  If Plaintiff chooses to file an amended complaint, he should ensure that each claim regarding an allegedly unconstitutional condition of confinement is set forth separately and that he provides facts that would demonstrate liability under the standards stated above.

## II. PLAINTIFF'S CLAIM BASED ON LACK OF PAROLE RECOMMENDATION SHOULD BE DISMISSED

Plaintiff alleges that Defendant Baker should have recommended to the Parole Board that he be granted early release on parole.  (FAC at 4.)

It appears that Plaintiff is attempting to assert a due process claim.  The touchstone of due process is protection of the individual against arbitrary government action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citations and quotation marks omitted).  However, for there to be any federal due process violation, there must first be a federal liberty or property interest.  Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-72 (1972). A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," see, e.g., Vitek v. Jones, 445 U.S. 480, 493-494 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental

7

institution), or it may arise from an expectation or interest created by state laws or policies, Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Here, Plaintiff has failed to demonstrate that he had a liberty or property right to a recommendation of parole or that Baker violated that right. Plaintiff merely makes a conclusory statement that Baker knows his sentence "doesn't make sense" and should have recommended parole. These allegations are completely devoid of facts that give rise to a cognizable due process claim. Although it does not appear that these allegations could be cured by amendment, Plaintiff may attempt to do so if he chooses to file another amended complaint.

### III. PLAINTIFF'S CLAIMS ATTACKING THE VALIDITY OF HIS CONVICTION SHOULD BE DISMISSED

In his claims against Defendants Miranda, Polk, and Fisher, Plaintiff challenges the validity of his 2015 criminal conviction, which resulted in his present incarceration. (Id. at 3.)

The exclusive method for challenging the fact or duration of a prisoner's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement "*directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). A section 1983 action is barred, "no matter the relief sought . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82 (emphasis in original); see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff cannot bring a section 1983 claim if success on that claim would necessarily imply the invalidity of his conviction or sentence" unless that conviction or sentence has been overturned or otherwise invalidated).

Plaintiff's claims against Miranda, Polk, and Fisher directly challenge the validity of Plaintiff's criminal conviction and are not cognizable in a section 1983 action. Wilkinson, 544 U.S. at 78. Plaintiff has not established that his conviction was reversed on direct appeal or otherwise called into question or invalidated. In fact, Plaintiff previously filed in

this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in Jesus Torres v. J. Sullivan, Case No. EDCV 17-2359-SVW (JEM). The petition was dismissed with prejudice on April 18, 2019, and the matter is presently on appeal to the Ninth Circuit.

Accordingly, Plaintiff's claims against Miranda, Polk, and Fisher are not viable based on Heck, Edwards, and Wilkinson.

The Court has previously cautioned Plaintiff that these claims are not viable, yet Plaintiff has continued to include them in the FAC. These claims cannot be considered unless and until he succeeds in invalidating his conviction.[2] See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding that Heck-barred claim should be dismissed without prejudice to the plaintiff refiling "if he ever succeeds in invalidating his conviction"). As explained above, the Court has given Plaintiff an opportunity to amend his conditions of confinement claims. However, it does not appear that his claims pertaining to the validity of his conviction can be amended.

Thus, Plaintiff is again advised that if he chooses to file another amended complaint he should not include claims attacking his underlying conviction. If Plaintiff persists in pursuing such claims, the Court will recommend that they be dismissed.

## IV. PLAINTIFF'S CLAIMS AGAINST THE SUPERIOR COURT SHOULD BE DISMISSED

Plaintiff names the Riverside County Superior Court ("RCSC") as a Defendant in the caption of the FAC. (FAC at 1.) Any claims against RCSC are barred by the Eleventh Amendment.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). The State of California has not waived its Eleventh Amendment immunity for civil rights claims brought in federal court. Dittman v. California, 191 F.3d 1020, 1025-26

---

[2] It does not appear likely that these claims would be viable in any event, even if Plaintiff succeeds in having his conviction invalidated.

9

(9th Cir. 1999). Rather, it is clear that the Eleventh Amendment bars civil rights claims against the State. Cerrato v. San Francisco Community College District, 26 F.3d 968, 972, 975 (9th Cir. 1994); see also Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1988).

The Ninth Circuit has determined that claims against entities such as RCSC are claims against the State of California, which are barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987) (citation omitted). If Plaintiff chooses to file an amended complaint, he should not name RCSC as a Defendant because his claims are not viable. If Plaintiff does include such claims, the Court will recommend that they be dismissed.

*************

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit. Plaintiff is advised to follow the directives set forth above.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: April 17, 2020

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

10